DickmaN J.
On the 19th day of July, 1888, the council of the city of Alliance, passed an ordinance, to prohibit ale, beer and porter houses, and other places where intoxicating liquors are sold at retail. The defendant in error, Robert Joyce, in October, 1888, was convicted of violating the pro *17 visions of that ordinance, and was sentenced by the Mayor’s court to pay a fine of two hundred dollars and the costs of the prosecution, and to stand committed to the Cleveland Workhouse, until the fine and costs were paid, or secured to be paid. The question arises, whether the council had authority,- under the'statute law of the state, to enforce its ordinance by the imposition of a fine to that amount.
The authority to pass an ordinance prohibiting places where intoxicating liquors are sold at retail, was derivable from section 11 of the act passed May 14, 1886 (83 Ohio Raws 157), entitled “An act providing against the evils resulting from the traffic in intoxicating liquors,” and known as the “ Dow Raw.” That section provides that, “Any municipal corporation shall have full power to regulate, restrain and prohibit ale, beer and porter houses, and other places where intoxicating liquors are sold at retail for any purpose, or in any quantity,’’.otherwise than upon prescription issued in good faith by reputable physicians in active practice, or for exclusively known mechanical, pharmaceutical or sacramental purposes, or at the manufactory by the manufacturer of the same.
Such general power vested in the municipality to prohibit places where intoxicating liquors are sold at retail, is, in itself, sufficient to authorize the adoption of an ordinance adequate to the object proposed. As an ordinance without a penalty would be nugatory, municipal coporations have an implied power to provide for their enforcement by reasonable and proper fines against those who violate them. Fisher v. Harrisburg, 2 Grant (Pa.) cas. 291; Barter v. Commonwealth, 3 Pa. (Pen. & W.) 253; Trigally v. Memphis, 6 Coldw. (Tenn.) 382.
But such power does not rest in implication alone. By Section 1861, of the Revised Statutes, it is provided as follows: “By-laws and ordinances of municipal corporations may be enforced by the imposition of fines, forfeitures, and penalties, on any person offending against any such by-law or- ordinance; and the fine, penalty, or forfeiture may be prescribed in each particular by-law or ordinance, or by a general by-law or ordinance made for that purpose; and *18 municipal corporations shall have power to provide, in like manner, for the prosecution, recovery, and collection of such fines, penalties, and forfeitures.”
Standing alone, this section imposes no limitation upon a municipal corporation’s passing an ordinance making the fine for an offense discretionary within fixed reasonable limits, whereby, the tribunal might be enabled to adjust the fines to the circumstances of the particular case. And the section, taken by itself, would be no barrier, to the passage of an ordinance like that of the city of Alliance, imposing a fine, upon conviction, of not less than fifty dollars, nor more than two hundred dollars for the first offense.
But, it is urged, that the legislature, by the provisions of Section 1862 of the Revised Statutes, has established the sum of fifty dollars as the maximum, beyond which municipal councils cannot go, in fixing a pecuniary punishment for a first offense.
That section reads as follows: “Fines, penalties, and forfeitures which do not exceed the sum of fifty dollars for any specified offense, or violation of the by-law or ordinance, or double that sum for each repetition of such offense or violation, or which do not exceed ten dollars for each day where the thing prohibited .or rendered unlawful is, in its nature, continuous in respect to time, shall not be deemed unreasonable; but where in any by-law or ordinance a greater fine, penalty, or forfeiture is imposed than as above specified, it shall be lawful for the court or magistrate, in any suit or prosecution for the recovery thereof, to reduce the same to such amount as may be deemed reasonable and proper, and to permit a recovery or render judgment accordingly.”
The interpretation sought to be given this section would make it provide, that no city council shall impose a fine of more than fifty dollars for the first violation of an ordinance; but, if a greater fine should be imposed by the council, the court or magistrate may, in the exercise of a discretionary power, reduce the same to such amount as may be deemed reasonable — an enactment inconsistent and anomalous.
*19 Upon the reading of this section it will occur, that there is a class of minor offenses, coming within the domain of municipal legislation, for which, a fine of fifty dollars, and much less, would be deemed amply sufficient; while, there are offenses against public morals and good government, prohibited bjr city ordinances, for the' enforcement of which a maximum punishment by fine beyond fifty dollars would be altogether proper and expedient. Thus, it is the common experience, that a law to prohibit places where intoxi-icating liquors are retailed, cannot be made effective without a stringent penalty for its violation. And hence, the legislature has provided by section 2 of the “Focal Option” law, passed March 3, 1888 (85 Ohio Raws, 55), that if at any election held under the provisions of the act, a majority of the votes cast by the qualified electors of any township, shall be against the sale of intoxicating liquors as a beverage, “it shall be unlawful for any person within the limits of such township * * * to sell, furnish or give away any intoxicating liquors to be used as a beverage, or to keep a place where such liquors are kept for sale, given away or furnished; and whoever sells, furnishes or gives away any intoxicating liquors as a beverage, or keeps a place where such liquors are kept for sale, given away or furnished, shall be fined not more than five hundred dollars, nor less than fifty dollars, and imprisoned in the county jail not exceeding six months.”
Under section 1862, fines may be imposed within fixed limits, as for example, between one dollar 'and fifty dollars, for minor offenses, or for violations of municipal ordinances concerning local affairs in respect of matters not criminal in their nature. And between such limits, an ordinance may leave it discretionary with the court or magistrate, to impose a fine of not less than a designated minimum, and not more than a designated maximum sum. If the fine does not exceed the sum of fifty dollars for any specified offense or violation of the ordinance, in the language of the statute, “ it shall not be deemed unreasonable.” But, the section of the statute under consideration, contains no words forbidding the enforcement of an ordinance by a fine in excess of *20 fifty dollars for the first offense. On the contrary, the reference to an imposition of a greater fine would indicate, that in some instances, it might become proper and necessary for municipal councils to attach a severer punishment than a fine of fifty dollars, as in the case at bar, in which the ordinance provides, that any person violating any of its provisions, shall, upon conviction thereof, be fined for the first offense, not less than fifty dollars nor more than two hundred dollars. And where it is provided in the statute, that a fine not exceeding fifty dollars “shall not be deemed unreasonable,” it would not follow, that a fine greater than that sum for an offense of a serious nature, would be deemed unreasonable for the enforcement of a municipal ordinance.
It would seem, that by reason of the probable need of an hncreased fine in certain cases, the legislature incorporated in section 1862 the provision we have before cited, that, “where in any by-law or ordinance a greater fine, penalty, or forfeiture is imposed than as above specified, it shall be lawful for the court or magistrate, in any suit or prosecution for the recovery thereof, to reduce the same to such amount as may be deemed reasonable and proper.”
But to what amount shall such reduction be made? If in the ordinance a fine of two hundred dollars for the first offense is imposed, it is not required that the fine shall be reduced to fifty dollars, as a reasonable or proper amount, but it will be within the meaning of the statute, if the court or magistrate either inflicts the full penalty, or reduces it to an3' um between fifty dollars and the maximum of two hundred dollars.
A reduction of the fine is not made compulsory, but is left entirely to the discretion of the court or magistrate. The statute declares that it shall be lawful to reduce the same to such amount as may be deemed reasonable and proper. That is, there will be no legal obstacle or objection to the reduction if it shall be deemed advisable; and it will not be unlawful if the court or magistrate shall decline to reduce, and enforces the ordinance by the highest fine thereby imposed. The discretion vested in the court or magistrate to thus reduce the fine would preclude the idea of requiring *21 a reduction to a particular sum, or of establishing any other standard of what would be deemed reasonable and proper, than the judgment and discretion of the court or magistrate. Where a greater fine is imposed than that specified in section Í862, the statute does not determine what shall or shall not be considered unreasonable, but confides in the judicial tribunal to mitigate the punishment or not, as wisdom and justice may dictate.
It is contended in behalf of. the defendant in error, that in enacting that a fine not in excess of fifty dollars for any violation of an ordinance shall not be deemed unreasonable, it was the design of the statute to establish a criterion of what would be reasonable, and to place a check upon municipal legislation, and restrain municipal corporations from violating the constitutional inhibition against imposing excessive fines. And section 3 of the ordinance under consideration is pronounced invalid, and a fine of two hundred dollars for the first offense, it is claimed, is unreasonable and unauthorized by the statute. An irreducible fine above fifty dollars might, in some instances, prove unreasonable. But where a discretion is lodged in the court, in the light of all extenuating circumstances, if any, to reduce the penalty to a sum commensurate with the offense, the offender is not without protection against the excessive fines forbidden by the constitution. As said by Judge Cooley on the constitutional requirement, “Within such bounds as may be prescribed by law, the question what fine shall be imposed is one addressed to the discretion of the court.” Con. Rim. 6th Ed. 401. It is a discretion to be judicially exercised; and while cases may occur in which the punishment would be unreasonable, though not beyond any limit fixed by statute, in contemplation of law, a just mitigation of the penalty may safely be left to the sound discretion of the judge. The Mayor’s court sentenced the defendent in error to pay a fine of two hundred dollars, and the costs of the prosecution — the highest fine for a first violation of the provisions of the ordinance. But it is to be presumed that the court, actuated by a sense of justice, under the guidance of its best judgment, and in the exercise of the discretion re *22 posed in it by the legislature, regarded a fine of two hundred dollars as not disproportioned to the offense. Municipal councils, as wé have seen, not being limited by section 1862 of the Revised Statutes, to the imposition of fines which shall not exceed fifty dollars for the first offense, and the court or magistrate being clothed with power to reduce the same- to an amount that may be deemed reasonable and proper, we cannot hold the penal section of the ordinance of July 19, 1888, to be without statutory authority and invalid.
The corpus delicti having been proved, and the Mayor’s court having, in the light of what was just and proper under the circumstances, and in the exercise of its plain discretionary power, fixed the amount of the fine to be paid by the defendant in error at two hundred dollars, we find no error in the action of the court in that regard, and we discover in the record no good ground for the circuit court’s reversing the judgment of the court of common pleas and of the mayor’s court. In settling the amount of the fine, there was no abuse of discretion on the part of the mayor’s court which was reviewable on error. “The exercise of an honest judgment, however erroneous it may seem to be, is not an abuse of discretion. Abuse of discretion, and especially gross and palpable abuse of discretion, which are the terms ordinarily employed to justify an interference with the exercise of discretionary power, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.” Hogeboom, J. in The People v. The N. Y. C. R. R. Co., 29 N. Y. 431. For aught that is shown to the contrary in the record, the peace and order, and moral welfare of the community demanded that the court should impose the highest fine prescribed by the ordinance, in order to stop the sale of intoxicating iiquors at retail, at the place kept by the defendant in error. Judgment’s of courts oí competent jurisdiction are presumed to be well founded, and judges are presumed to do nothing cause-lessly or maliciously. Best Pres. 68; Sutton v. Johnstone, 1 T. R. 503. It is stated by Mr. FREEMAN in his treatise on Judgments (§272), as the generally recognized rule at the present day, that in the conclusive effect of every final *23 adjudication is included every matter material to the disposition of the controversy, as made by the pleadings, when the cause is submitted for decision. It does not appear to the contrary iñ the record, and it is to be presumed in favor of the judgment against the defendant in error, that all the facts existed necessary and material to support it.
In our opinion, the judgment of the circuit court should be reversed, and the judgment of the court of common pleas affirmed.

Judgment accordingly.